IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. _____ |
| | ) | |
| MANHATTAN KC, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

**1. The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by John F. Wood, United States Attorney, and Anne E. Rauch, Special Assistant United States Attorney, and the defendant, Manhattan KC, L.L.C. ("the defendant"), represented by Jean Paul Bradshaw.

The defendant understands and agrees that this plea agreement is only between the corporation and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

**2. Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to Count One of the Information charging the corporation with a violation of 42 U.S.C. § 7413(c)(1), that is knowingly failing or causing other persons to fail to comply with work practice standards relative to removal of asbestos material from the University Towers located at 700 East 8th Street, Kansas

City, Missouri. By entering into this plea agreement, the defendant admits that it knowingly committed this offense, and is in fact guilty of this offense.

**3. Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offense to which it is pleading guilty are as follows:

From April of 2006, and continuing to on or about May 26, 2006, within the Western District of Missouri, Matthew J. Abbott, was the managing member of the Manhattan KC, L.L.C. Manhattan KC, L.L.C., is the multimember L.L.C. that owns the former University Towers, currently renamed the Manhattan and located at 700 East 8th Street, Kansas City, Missouri.

On May 26, 2006, the Kansas City Health Department (KCHD), received an anonymous phone call from an individual who stated that the owner of the University Towers, Matthew J. Abbott, was removing asbestos from the 12th floor of the building. Inspectors with KCHD went to the University Towers in response to the call and observed a large amount of construction debris and dust on the 12th floor. Samples from the 12th floor and other areas throughout the building were analyzed and determined to contain 3% and 4% friable chrysotile asbestos, a regulated asbestos-containing material.

Matthew J. Abbott and other workers at the University Towers removed regulated friable asbestos containing material from areas of the building involving more than 160 square feet of material by unaccredited workers and without following the Clean Air Act work practice requirements.

**4. Use of Factual Admissions.** The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining guilt. According to U.S.S.G. § 8C2.1 and the commentary to that

section, the provisions of U.S.S.G §§ 8C2.2 – 8C2.9 do not apply because the instant offense involved a corporation and environmental violations. For such cases, § 8C2.10 (Determining the Fine for Other Counts) is applicable.

**5. Statutory Penalties.** The defendant understands that upon its plea of guilty to Count One of the Information charging it with a knowing violation of the Clean Air Act, the maximum penalty the Court may impose is not more than a $500,000 fine, and a $400 mandatory special assessment which must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class D felony. The defendant has agreed to payment of a $75,000.00 fine.

**6. Sentencing Procedures.** The defendant acknowledges, understands and agrees to the following:

    a. in determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range, unless the sentence imposed is "unreasonable";

    b. the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

    c. the Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range;

    d. the Court may order restitution to be paid to victims of the offense to which it iss pleading guilty, the conduct charged in any dismissed counts of the Information, and all other uncharged related criminal activity;

    e. the Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office; and

    f. the defendant may not withdraw the guilty plea solely because of the nature or length of the sentence imposed by the Court.

**7. Government's Agreements.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against defendant for any federal criminal offenses related to asbestos removal at the University Towers in Kansas City, Missouri, for which it has venue and which arose out of the defendant's conduct described above.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant expressly waives its right to challenge the initiation of the dismissed or additional charges against the corporation if the corporation breaches this agreement. The defendant expressly waives the right to assert a statute of limitations defense if the dismissed or additional charges are initiated against the corporation following a breach of this agreement. The defendant further understands and agrees that if the Government elects to file additional charges against the corporation following its breach of this plea agreement, the corporation will not be allowed to withdraw its guilty plea.

**8. Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense

conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of its criminal activities. The defendant understands these disclosures are not limited to the count to which it has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

    **9. Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw its plea of guilty only if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that if the Court accepts the plea of guilty and this plea agreement but subsequently imposes a sentence that is outside the defendant's applicable Sentencing Guidelines range, or imposes a sentence that the defendant does not expect, like or agree with, the corporation will not be permitted to withdraw its plea of guilty.

    **10. Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

        a. According to § 8C2.1, and the commentary to the section, the provisions of U.S.S.G. §§ 8C2.2 - 8C2.9 do not apply because the instant offense involved a

corporation and environmental violations. For this case, § 8C2.10 (Determining the Fine for Other Counts) is applicable.

      b. The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment), and any legally authorized increase above the normal statutory maximum. The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the indictment. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay.

**11. Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10, and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

**12. Change in Guidelines Prior to Sentencing.** The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

**13. Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

      a. oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

  b. comment on the evidence supporting the charge in the information;

  c. oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed; and

  d. oppose any post-conviction motions for reduction of sentence, or other relief.

**14. <u>Waiver of Constitutional Rights</u>.** The defendant, by pleading guilty, acknowledges that it has been advised of, understands, and knowingly and voluntarily waives the following rights:

  a. the right to plead not guilty and to persist in a plea of not guilty;

  b. the right to be presumed innocent until its guilt has been established beyond a reasonable doubt at trial;

  c. the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

  d. the right to confront and cross-examine the witnesses who testify against it;

  e. the right to compel or subpoena witnesses to appear on its behalf; and

  f. the right to remain silent at trial, in which case its silence may not be used against it.

The defendant understands that by pleading guilty, the defendant waives or gives up those rights and that there will be no trial. The defendant further understands that if it pleads guilty, the Court may ask the corporation questions about the offense or offenses to which it pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, the answers may later be used against it in a prosecution for perjury or making a false statement.

**15. <u>Waiver of Appellate and Post-Conviction Rights.</u>**

  a. The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement it waives the right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement.

b. The defendant expressly waives its right to appeal the sentence, directly or collaterally, on any ground except a sentence imposed in excess of the statutory maximum or an illegal sentence, that is, sentencing error more serious than a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal the sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

c. The defendant retains its right to appeal any Sentencing Guidelines issues that have not been agreed upon by the parties. However, the defendant otherwise expressly waives its right to appeal the sentence, directly or collaterally, on any ground, including agreed-upon Sentencing Guidelines issues, except a sentence imposed in excess of the statutory maximum or an illegal sentence, that is, sentencing error more serious than an abuse of discretion or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal the its sentence as authorized by 18 U.S.C. § 3742(a) on any grounds except those expressly stipulated to or agreed upon in this plea agreement.

d. The defendant expressly waives its right to appeal its sentence, directly or collaterally, on any ground, except a sentence imposed in excess of the statutory maximum or an illegal sentence, that is, sentencing error more serious than a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal it's sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon.

16. **Waiver of FOIA Request.** The defendant waives all of its rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**17. Waiver of Claim for Attorney's Fees.** The defendant waives all of its claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**18. Defendant's Breach of Plea Agreement.** If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw its plea of guilty.

**19. Defendant's Representations.** The defendant acknowledges that it has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice, and approval of counsel. The defendant acknowledges that the corporation is satisfied with the assistance of counsel, and that counsel has fully advised the corporation of its rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, the corporation's attorneys or any other party to induce it to enter its plea of guilty.

**20. No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

**21. Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

John F. Wood<br>
United States Attorney

Dated: 05/21/07    By    */s/ Anne E. Rauch*
                         Anne E. Rauch
                         Special Assistant United States Attorney

Manhattan KC, L.L.C., has consulted with its attorney and fully understand all of its rights with respect to the offense charged in the Information. Further, Manhattan KC, L.L.C. has consulted with its attorney and fully understand its rights with respect to the provisions of the Sentencing Guidelines. Matthew J. Abbott, Managing Member for Manhattan KC, L.L.C. has read this plea agreement and carefully reviewed every part of it with Manhattan KC, L.L.C.'s attorney. Manhattan KC, L.L.C. understand this plea agreement and voluntarily agrees to it.

Dated: 05/21/07          */s/ Matthew J. Abbott*
                         Manhattan KC, L.L.C.
                         Defendant
                     By  Matthew J. Abbott, Managing Member

I am defendant Manhattan KC, L.L.C.'s attorney. I have fully explained to the corporation its rights with respect to the offense charged in the Information. Further, I have reviewed with the corporation the provisions of the Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this plea agreement with the corporation. To my knowledge, Manhattan KC, L.L.C.'s decision to enter into this plea agreement is an informed and voluntary one.

Dated: 05/21/07          */s/ Jean Paul Bradshaw*
                         Jean Paul Bradshaw
                         Attorney for Defendant

AER:tdv                                -10-

Case 4:07-cr-00180-SOW    Document 3    Filed 05/22/07    Page 10 of 10